IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD LASITER                                                                                    PLAINTIFF

v.                                          CIVIL NO. 15-5271

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Donald Lasiter, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his current application for DIB on October 23, 2012, alleging an inability to work since November 1, 2010, due to depression, back and neck problems, and a borderline personality disorder. (Tr. 73, 152). An administrative video hearing was held on December 23, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 39-69).

By written decision dated April 22, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 21). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disk disease of the cervical and lumbar spine; obesity; depression; borderline personality disorder;

1

and attention deficit disorder (ADD). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except that he can occasionally climb, balance, stoop, kneel, crouch and crawl. He can perform work limited to simple, routine and repetitive tasks involving no more than simple, work-related decisions with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors and the general public.

(Tr. 24). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price marker, and a plastics molding machine tender.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on September 18, 2015. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

2

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the

national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in disregarding the opinion and finding of the primary treating physician, Dr. Renaghan; 2) the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 3) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; and 4) the ALJ erred in finding that Plaintiff retains the RFC to perform a limited range of light work.

#### A.   Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 20). The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 22). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

#### B.   Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including

4

evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff was able to take care of his personal needs, do light household chores, drive, and shop for groceries. The record also revealed that Plaintiff participated in a program through the Veterans Administration (VA) wherein he worked thirty-two hours a week performing housekeeping type work, and that he was hoping to be hired as a full-time employee once he completed the program. While Plaintiff argues that the ALJ failed to address Plaintiff's preference to be alone and away from people, a review of the record revealed notes from John S. Mathis, a vocational rehabilitation specialist dated February of 2012, indicating that Plaintiff's goal was "full-time long-term employment in sales, management, customer service or other jobs working with people." (Tr. 552). The record also revealed treatment notes dated May of 2012 indicating that Plaintiff was capable and interested in competitive employment. (Tr. 435). Plaintiff's primary treating psychiatrist during most of the relevant time period, Dr. Richard C. Heckmann, noted Plaintiff's feelings that he was not employable

5

due to his felony conviction during numerous visits, and recommended that if Plaintiff was unable to find a job he should at least do volunteer work. (Tr. 336). The record further revealed that throughout most of 2013 Plaintiff was interested in competitive employment.

With respect to Plaintiff's alleged physical impairments, the record revealed that Plaintiff was treated conservatively and appeared to experience some relief with the use of medication. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Treatment notes reported that Plaintiff walked for exercise on numerous occasions. Regarding Plaintiff's alleged mental impairments, the record revealed that Plaintiff responded well to medication. While Plaintiff did experience some difficulty sleeping when he had to change his Xanax usage, Plaintiff's treatment notes indicated that Plaintiff responded well to medication and that he was able to complete the rehabilitation program during the time period in question. The Court would further point out that Plaintiff reported that he lost his job in 2009 after missing work not because of his own impairments, but because he was taking his sick girlfriend to the doctor. (Tr. 595).

Therefore, although it is clear that Plaintiff suffered with some degree of limitation, he did not establish that he was unable to engage in any gainful activity during the relevant time period. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible for the time period in question.

### C.     The ALJ's RFC Determination and Medical Opinions:[1]

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight." Cunningham v. Apfel, 222 F.3d 496, 502 (8th Cir. 2000). However, "an ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (citations omitted).

In finding Plaintiff able to perform light work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the non-examining medical examiners. The ALJ also specifically discussed the relevant medical records, and the medical opinions of treating, examining and non-examining medical

---

[1] The Court will address Plaintiff's first and fourth argument together.

7

professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

With regard to the Medical Source Statement (Statement) completed by Dr. Thomas E. Renaghan, Plaintiff argues that the ALJ did not give this opinion proper weight.[2] On January 27, 2013, Dr. Renaghan completed the Statement indicating that Plaintiff had marked limitations making judgments on complex work-related decisions; interacting appropriately with the public, supervisors, and co-workers; and responding to usual work situations and changes in a routine work setting. (Tr. 1299-1301). The ALJ addressed the weight given to Dr. Renaghan and the reasoning for determining that the record as a whole did not support Dr. Renaghan's opinion that Plaintiff had marked limitations interacting with others and responding to workplace changes. After reviewing the record, the Court finds substantial evidence to support the weight given to Dr. Renaghan's opinion. A review of the record reveals that Plaintiff was able to visit with his daughter in Tulsa, that he was interested in a job in fast food service, and that he would like a job in sales dealing with people. It is noteworthy that Dr. Heckmann, Plaintiff's treating psychiatrist for most of the relevant time period, repeatedly recommended that Plaintiff at least do some volunteer work for his mental health well-being.

---

[2] The Court notes that Plaintiff's treating psychiatrist up until January of 2013, was Dr. Heckmann not Dr. Renaghan. (Tr. 1241).

The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform light work with limitations. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### D. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a price marker, and a plastics molding machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### E. Veteran's Administration Disability Rating:

Finally, in making the disability determination, the ALJ acknowledged Plaintiff had been rated a fifty percent service-connected disability for his migraine headaches, a twenty percent service-connected disability for his lumbosacral and cervical strain, and a ten percent service-connected disability for his alleged tinnitus. The ALJ should consider the VA's finding of disability, Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir.1998), but the ALJ is not bound by the disability rating of another agency when he is evaluating whether the claimant is

disabled for purposes of social security benefits, 20 C.F.R. § 404.1504; Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir.1994) (per curiam) ("There is no support for [the claimant]'s contention that his sixty-percent service-connected disability rating equates with an inability to engage in any substantial gainful activity under social security standards."). Based on the above, we find the ALJ properly addressed the VA's disability rating.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of December, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE